UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEMOCRATIC NATIONAL COMMITTEE,

Plaintiff,

v.

U.S. DEPARTMENT OF JUSTICE, et al.,

Defendants.

Civil Action No. 26-0825 (BAH)

**DEFENDANTS' PARTIAL MOTION TO STRIKE**

Pursuant to Federal Rule of Civil Procedure 12(f), Defendants U.S. Department of Justice, U.S. Department of Homeland Security, and U.S. Department of War, by and through undersigned counsel, respectfully move to strike certain allegations contained within the Complaint (ECF No. 1, "Compl.") in this action.  The Complaint contains allegations that are immaterial to any claim for relief under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  Specifically, and as addressed more fully below, the Complaint is littered with various allegations in paragraphs 1, 4, 11–15, 19, 20, and 23 unrelated to Plaintiff's entitlement to relief under FOIA aimed solely at impugning the reputation of the Executive and its officials.  A proposed order is attached, and an Answer to the remaining allegations of the Complaint will be filed concurrently with this motion.[1]

**BACKGROUND**

Plaintiff Democratic National Committee has submitted eleven FOIA requests to various components of the Defendant agencies seeking records "concerning potential deployment of federal agents and troops to polling places, drop boxes, and election offices."  Compl. ¶ 1.  Plaintiff

---

[1]    Pursuant to Local Civil Rule 7(m), Defendants conferred with Plaintiff regarding this motion.  Plaintiff opposes the relief sought by Defendants.

did not request expedited processing.  Plaintiff's complaint describes each FOIA request, includes allegations related to correspondence between Plaintiff and the Defendant agencies on the subject of the requests, and alleges that the Defendants have not fulfilled their obligations under the FOIA. Compl. ¶¶ 28–141.  The Complaint also contains allegations that are unrelated and immaterial to Plaintiff's cause of action, related (for example) to Plaintiff's self-described "voter protection program," Plaintiff's policy disagreements with the administration, and Plaintiff's partisan views on political issues.  Compl. ¶¶ 1, 4, 11–15, 19, 20, 23.

## LEGAL STANDARD

"A court may strike 'any redundant, immaterial, impertinent or scandalous matter.'" *D.C. Int'l Charter Sch. v. Lemus*, 660 F. Supp. 3d 1, 19 (D.D.C. 2023) (quoting Fed. R. Civ. P. 12(f)). Rule 12(f) is "the Court's means of enforcing Rule 8, which requires, among other things, that a pleading 'contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief' and that '[e]ach allegation . . . be simple, concise, and direct.'"  *Khan v. DHS*, Civ. A. No. 22-2480 (TJK), 2023 WL 6215359, at *9 (D.D.C. Sept. 25, 2023) (alterations in original) (quoting Fed. R. Civ. P. 8).

"When a trial court concludes that an initial complaint fails to satisfy Rule 8, an appropriate remedy is to strike the complaint under Rule 12(f) and to provide the plaintiff with an opportunity to file an amended complaint that complies with the Rules." *Achagzai v. Broad. Bd. of Governors*, 109 F. Supp. 3d 67, 69 (D.D.C. 2015). Although motions to strike are generally disfavored, "if allegations in a complaint are irrelevant and prejudicial to the defendant, a motion to strike will be granted." *Wiggins v. Philip Morris, Inc.*, 853 F. Supp. 457, 457 (D.D.C. 1994). FOIA complaints are no exception. *Khan*, 2023 WL 6215359, at *10 (striking as immaterial to a FOIA complaint allegations relating to the requester's motive for requesting the records and because the agency would be "prejudice[d] . . . with having to respond to them").

- 2 -

## ARGUMENT

"[A] typical [FOIA] complaint need allege only that the plaintiff filed a FOIA request, exhausted administrative remedies or waited the required period of time, and did not receive a satisfactory response from the agency." *ForestWatch v. U.S. Forest Serv.*, 775 F. Supp. 3d 353, 371 (D.D.C. 2025). Here, Plaintiff alleges much more, including immaterial, prejudicial, and impertinent facts unrelated to Plaintiff's FOIA requests or Defendants' responses. These allegations include political commentary, false narratives, an extended discussion of Plaintiff's own alleged "serious concerns" harbored by some unknown number of "voters across the country" on matters of election administration, and Plaintiff's political efforts in opposition to this administration. *See* Compl. ¶¶ 1, 4, 11–15, 19, 20, 23. Plaintiff should take heed of this Court's recent decision in a FOIA case that "the inclusion of marginally relevant yet colorful allegations . . . [are] contrary, in principle at least, to Rule 8's demand that complaints contain a 'short and plain' statement of the claim" and that "[g]reater heed of that requirement would unburden the Court and responding parties of unnecessarily discursive complaints." *Am. Oversight v. DOJ*, Civ. A. No. 25-3414 (CRC) (D.D.C. Mar. 18, 2026) (ECF No. 13).

In short, these allegations are simply not pertinent to the merits of Plaintiff's FOIA claim. Nothing in these paragraphs has any bearing on the Plaintiff's FOIA requests or the records it seeks. Rather, the allegations contained in these paragraphs are merely Plaintiff's characterization of recent political events. They are thus immaterial to pleading a claim under FOIA and improperly speak to Plaintiff's motive for filing the requests. *See Montgomery v. IRS*, 292 F. Supp. 3d 391, 396 (D.D.C. 2018) ("[A] requester's motive is irrelevant to the ultimate inquiry in a FOIA case: whether the agency properly withheld records."); *Vazquez v. DOJ*, 887 F. Supp. 2d 114, 118 (D.D.C. 2012) (a plaintiff's "personal reasons for wanting the requested records . . . are irrelevant . . . [and] immaterial to the FOIA analysis"). Furthermore, Plaintiff did not request expedited

processing of their FOIA request. Where expedited processing is not being considered, there is additionally no basis for the inclusion of extraneous information.

Furthermore, FOIA complaints are not press releases on behalf of advocacy organizations, and it prejudices Defendants to have to respond to allegations that are immaterial. "'Immaterial and impertinent matter is matter that is not materially relevant to any pleaded claim for relief or defense.' More specifically, 'immaterial' allegations are those 'unnecessary to establish the pleader's position in the case, or those which, if established at trial, would not entitle the pleader to, or aid her to obtain, the relief demanded." *Williams v. Chu*, Civ. A. No. 07-0901 (RBW), 2010 WL 11575517, at *2 (D.D.C. Sept. 30, 2010) (citation and alterations omitted); *see also Campaign Legal Ctr. v. Iowa Values*, 573 F. Supp. 3d 243, 260 (D.D.C. 2021) (declining to strike paragraphs because they "may be relevant to the question of remedy"). The material included in paragraphs 1, 4, 11–15, 19, 20, and 23 of the Complaint is irrelevant to any pleaded claim for relief under FOIA, rendering it immaterial within the meaning of Rule 12(f).

Plaintiff makes false, sensationalized, and wholly unsupported claims in its complaint that would prejudice Defendants in answering. Plaintiff uses this complaint to impugn the integrity of the Department of Justice in a public forum in which Plaintiff's false statements have no bearing on the underlying FOIA request. Plaintiff, for example, tries to insinuate in Paragraph 14 that the Civil Rights Division engaged in "voter intimidation and other violations of federal voting rights laws." Plaintiff goes on to offer the false and irrelevant counter-narrative that they are concerned only with altruistically protecting voter rights regardless of party. See Compl. ¶¶ 16–27. This is patently untrue and Plaintiff is, by its very nature, a hyper-partisan organization concerned only with soliciting votes from its own members. It is prejudicial to Defendants to be required to answer Plaintiff's self-aggrandizing statements, and to allow such a fanciful narrative impugning

Defendants to be filed in FOIA complaint without asking to strike allegations like these.

Plaintiff may argue that these paragraphs are included to establish "public interest." But at this stage in this matter, public interest is irrelevant. Although the public-benefit analysis is an *ex-ante* inquiry, *ForestWatch*, 775 F. Supp 3d at 364, any arguments about whether the public interest outweighs the privacy interest pursuant to certain exemptions or whether there is a public interest for any attorneys' fees petition would be advanced later in litigation, after Defendants have responded to Plaintiff's request and made determinations as to applicable FOIA exemptions. The Court should therefore grant the motion to strike and require that Plaintiff file an Amended Complaint without the superfluous and impertinent allegations aimed at impugning the Executive Branch identified in this motion.

## CONCLUSION

For the above reasons, the Court should strike the immaterial or impertinent allegations of the Complaint.

Dated: May 6, 2026                     Respectfully submitted,

                                       STANLEY WOODWARD, JR.
                                       Associate Attorney General

                                       SEAN GLENDENING
                                       Director, Office of Information Policy

                                       JEANINE FERRIS PIRRO
                                       United States Attorney

                                       By:    /s/ Andrew J. Vaden
                                              ANDREW J. VADEN, D.C. Bar #1044860
                                              Assistant United States Attorney
                                              601 D Street, NW
                                              Washington, DC 20530
                                              (202) 252-2437

                                       *Attorneys for the United States of America*