UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEMOCRATIC NATIONAL COMMITTEE,

Plaintiff,

v.

U.S. DEPARTMENT OF JUSTICE, et al.,

Defendants.

Civil Action No. 26-0825 (BAH)

**JOINT MEET AND CONFER REPORT**

Pursuant to this Court's Standing Order (ECF No. 7), the parties, by and through their respective undersigned counsel, respectfully submit this Joint Meet and Confer Report. As set forth herein, the parties have different positions and proposals as to next steps in this matter, which concerns the Democratic National Committee's requests for records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

**Statement of the Democratic National Committee**

This case concerns eleven FOIA requests sent by the Democratic National Committee ("DNC") in October 2025 concerning potential deployment of federal agents and troops to polling places, drop boxes, and election offices. Compl. ¶ 1 (ECF No. 1). To date, the Department of Justice, the Department of Homeland Security, and the Department of Defense have made no productions of records and have not cited any FOIA exemption to withhold records. *Id.* ¶ 2. As noted below, the Criminal Division of the Department of Justice and the Department of Defense Northern Command have now indicated that they have no records responsive to the requests, and Immigration and Customs Enforcement intends to provide a similar response shortly. With respect to the remaining eight requests, Defendants are in clear violation of FOIA's statutory deadlines,

*see* 5 U.S.C. § 552(a)(6)(A)(i)(I), (B)(i), yet they suggest that the DNC should simply continue to wait as the November election approaches.  Further action by this Court is needed to reinforce that FOIA's "prompt" response mandate is not "a dead letter."  *Judicial Watch, Inc. v. U.S. Dep't of Homeland Security*, 895 F.3d 770, 774, 780 (D.C. Cir. 2018).[1]

Defendants have also failed to provide information required by this Court's standing order. With respect to each agency that has not made a final determination with respect to the FOIA requests, this Court ordered Defendants to provide "an estimate . . . of when the agency expects a final determination to be made" and "a proposed schedule for production of responsive records." Standing Order ¶ 4(b)(ii).  Instead, Defendants indicate that searches are "underway," "ongoing," or have not even commenced, and Defendants request months more to complete searches, with no timetable for review.  *Infra*.  Only one agency component—the Department of Homeland Security Headquarters—offers a month when it might begin production, although it does not provide a rate of processing or production.  *See id.*  The remaining components provide no indication when they may produce responsive records.  *See id.*[2]

---

[1] Defendants suggest that "exceptional circumstances" exist that might warrant additional time to complete their review.  Answer at 23, ECF No. 16 (citing 5 U.S.C. § 552(a)(6)(C)).  However, Defendants may not to rely on their predicable agency workload of FOIA requests as "exceptional circumstances" unless they demonstrate reasonable progress in reducing the backlog of pending requests.  5 U.S.C. § 552(a)(6)(C)(ii); *see also, e.g.*, *Gov't Accountability Project v. U.S. Dep't of Health & Hum. Servs.*, 568 F. Supp. 2d 55, 58–59 (D.D.C. 2008).  Recently published reports illustrate that many relevant agencies' backlogs are instead growing.  For instance, at the end of FY24, the Department of Justice Office of Information Policy had a backlog of 1,423 outstanding FOIA requests.  U.S. Dep't of Justice, *Fiscal Year 2024 Annual Freedom of Information Act Report* § XII.A (Mar. 6, 2025), https://perma.cc/GD2A-WHGF.  At the end of FY25, that backlog had reached 2,473 requests.  U.S. Dep't of Justice, *Fiscal Year 2025 Annual Freedom of Information Act Report* 82 (Apr. 22, 2026), https://perma.cc/K9J5-7SED.  Prompt processing is not only available to requestors "primarily engaged in disseminating information" who might qualify for expedited processing.  *See* 5 U.S.C. § 552(a)(5)(E)(v)(II); *see also id.* § 552(a)(3)(A).

[2] Upon learning that the Civil Rights Division of the Department of Justice had compiled an enormous set of potentially responsive records, the DNC offered to help reduce the review burden by clarifying that records describing election monitoring for compliance with the Voting Rights

Given the "time-sensitive importance" of the records requested and their "significant importance to the debates of the day," *Middle East Forum v. USDHS*, 297 F. Supp. 3d 183, 186–87 (D.D.C. 2018), as well as to the prospect of a free and fair election this November, the DNC respectfully requests that this Court exercise its "equitable powers to require [Defendants] to process documents according to a court-imposed timeline." *Clemente v. FBI*, 71 F. Supp. 3d 262, 269 (D.D.C. 2014).  Specifically, the DNC requests that this Court require Defendants to:

A.  Immediately begin processing records located in response to the DNC's request, making productions of responsive records and portions thereof Defendants contend are not exempt at a rate of no less than 500 pages per month in response to each outstanding request;

B.  Complete any remaining searches for responsive records within 30 days;

C.  Promptly advise the DNC as to the results of the remaining searches; and

D.  Process any additional responsive records at a rate of no less than 500 pages per month per request, making productions of records and portions thereof Defendants contend are not exempt.

The DNC further respectfully suggests that the parties file joint status reports every 30 days, advising as to Defendants' progress and any potential need for further proceedings.  The DNC concurs with Defendants that it would be premature to establish a briefing schedule for dispositive motions at this time.

### Statement of the Defendants

1.      Plaintiff's suit arises under the Freedom of Information Act ("FOIA"), and relates to eleven FOIA requests submitted by Plaintiff to Defendants.  Plaintiff filed its Complaint on

---

Act and other laws enforced by the Voting Section are outside the scope of the request and by offering to exclude most records held by the former manager of the election monitoring program.

March 10, 2026, and Defendants filed their Answer on May 6, 2026.  ECF Nos. 1, 16.  The parties have conferred by videoconference on May 15, 2026, and by telephone and electronic mail, regarding Plaintiff's requests.  Defendants provide the following reports regarding the status of their searches.

2.     **Department of Justice ("DOJ").**  Plaintiff's Complaint describes requests sent to four DOJ components, namely the Federal Bureau of Investigation ("FBI"), the Civil Rights Division ("CRT"), the Criminal Division ("CRM"), and the Office of Information Policy ("OIP").  **FBI** searches for potentially responsive documents are underway. A count of potentially responsive records or pages is not yet available, but FBI anticipates having its searches complete by July 17, 2026.  **CRT** has collected approximately 55 gigabytes of data from an electronic search of current and former employees.  That data is currently being exported, downloaded, ingested into a review tool, and deduplicated.  CRT anticipates beginning review of the potentially responsive material in June 2026.  **CRM** completed its search and sent Plaintiff a no-records response on April 21, 2026.  **OIP** reports that searches for records potentially responsive to Plaintiff's request are ongoing and estimates that these searches will be completed on or before July 17, 2026.  Upon completion of OIP's initial search, OIP will review any potentially responsive records for responsiveness, and intends to further communicate with Plaintiff regarding potential scoping and/or narrowing agreements, as applicable.

3.     **Department of Homeland Security ("DHS").**   Plaintiff's Complaint also describes four requests sent to DHS Headquarters ("DHS HQ") and three DHS components, namely U.S. Customs and Border Protection ("CBP"), Federal Protective Service ("FPS"), and U.S. Immigration and Customs Enforcement ("ICE").  Defendants note that progress on searches for and reviews of potentially responsive records was impeded by the partial lapse of

appropriations that began in February 2026.  Although funding was restored in April 2026, FOIA staff for DHS and its components are facing significant backlogs.  **CBP's** searches for potentially responsive documents are currently underway, and a count of potentially responsive records or pages is not yet available.  **FPS** has received Plaintiff's request but has not yet conducted a search. **ICE** has completed its searches and did not locate any responsive records; a no-records response will be provided to Plaintiff shortly.  **DHS HQ** conducted searches and collected approximately 2,000 pages of potentially responsive records, with one search still pending.  DHS HQ expects to make its first production by the end of June 2026.

4.      **Department of War ("DoW").**  Finally, Plaintiff's Complaint describes requests sent to DoW's National Guard Bureau ("NGB"), U.S. Northern Command ("USNORTHCOM"), and the Office of the Secretary of War / Joint Staff ("OSW/JS").  **NGB** has assigned the request to an action officer, but a search has not yet been conducted.  **USNORTHCOM** sent Plaintiff a no-records response on March 30, 2026.  **OSW/JS** is conducting preliminary searches and expects to complete its search in August 2026; approximately 3,000 potentially responsive records have been collected to date for review.

5.      In its statement, Plaintiff proposes that this Court require Defendants to complete their searches within thirty days and enter other interim relief.  Defendants respectfully submit that Plaintiff's effort to "jump the queue in front of other requesters who have been waiting patiently for the agency's response to their requests" should be rejected.  *Zorn v. DOJ*, Civ. A. No. 24-3360 (CRC), 2025 WL 35929, at *3 (D.D.C. Jan. 6, 2025) (quoting *Am. Oversight v. Dep't of State*, 414 F. Supp. 3d 182, 184–85 (D.D.C. 2019)) (rejecting plaintiff's request); *see also Greenspan v. Exec. Off. for U.S. Att'ys*, Civ. A. No. 23-1816 (BAH), 2023 WL 12137661, at *1 (D.D.C. Nov. 21, 2023) (same).  Especially given that each defendant agency faces a "growing" backlog of requests,

*supra* at 2 n.1 (Plaintiff's statement), orders of that nature would simply move Plaintiff to the front of the queue to the detriment of other FOIA requestors whose requests have been pending longer. *See Cheng v. Blinken*, Civ. A. No. 23-2602 (JDB), 2024 WL 4345831, at *9 (D.D.C. Sept. 30, 2024) ("[J]udges routinely conclude that a judicial order putting one party 'at the head of the queue simply moves all others back one space and produces no net gain.'") (quoting *Da Costa v. Immigr. Inv. Program Off.*, 80 F.4th 330, 343 (D.C. Cir. 2023)). The case for the interim relief Plaintiff requests is further undermined by the fact that Plaintiff did not even seek expedited processing of its request, which is the "proper administrative procedure for requesting and obtaining prioritized resolution of a FOIA request." *Morales v. Sec'y, U.S. Dep't of State*, 220 F. Supp. 3d 1, 4–5 (D.D.C. 2016).

6.    Because some of Defendants' searches for records responsive to Plaintiffs' requests remain pending, Defendants respectfully submit that it is not yet possible to estimate when final determinations will be made with respect to the relevant requests. Upon completion of these searches, Defendants intend to meet and confer with Plaintiff regarding proposed timelines for processing of responsive records; however, it is impractical to do so prior to the completion of the searches for potentially responsive records, as Defendants do not yet have information on the volume of records potentially responsive to Plaintiff's request.

7.    Defendants agree with Plaintiff that it would be premature to establish a briefing schedule for dispositive motions at this time; once Defendants make their expected productions and/or final determinations, the parties will meet and confer to narrow or eliminate issues that might otherwise be subject to motion practice.

8.    In light of the Court's denial of Defendants' Partial Motion to Strike on May 20, 2026, Defendants intend to file an Amended Answer by June 3, 2026, including responses to the paragraphs to which Defendants' Answer did not respond.  *See* Fed. R. Civ. P. 12(a)(4)(A).

9.    Defendants propose to submit a joint status report in sixty days, and every sixty days thereafter, until further order by the Court to apprise the Court of developments in this litigation.

Dated: May 22, 2026

    */s/ Daniel J. Freeman*

Daniel J. Freeman
(Bar No. 90038422)
Democratic National Committee
430 South Capitol Street SE
Washington, DC 20003
(202) 860-8000
freemand@dnc.org

Benjamin B. Klubes
(Bar No. 428852)
Adam Milller
(Bar No. 496339)
Klubes Law Group
1717 K Street NW, Suite 9000
Washington, DC 20006
(202) 753-5054
bklubes@kblueslaw.com
amiller@klubeslaw.com

*Attorneys for the Democratic
National Committee*

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:    */s/ Andrew J. Vaden*

    ANDREW J. VADEN, D.C. Bar #1044860
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2437

*Attorneys for the United States of America*