UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DEMOCRATIC NATIONAL COMMITTEE,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF<br>JUSTICE, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 26-0825 (BAH)<br>)<br>)<br>)<br>)<br>)<br>) |

**AMENDED ANSWER**

Defendants the United States Department of Justice ("DOJ"), Federal Bureau of Investigation ("FBI"), Department of Homeland Security ("DHS"), and Department of War ("DOW"),[1] by and through undersigned counsel, respectfully submit the following Answer to Plaintiff Democratic National Committee's Complaint, ECF No. 1.  Defendants deny each allegation of the Complaint not expressly admitted in its Answer.  Furthermore, to the extent the Complaint refers to or cites from external documents, statutes, or other sources, Defendants may refer to such materials for their complete and accurate contents in response; however, Defendants' references are not intended to be, and should not be construed as, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff, (b) are relevant to this action, or to any other action, or (c) are admissible in this action, or in any other action.  Defendants respond to the Complaint in like-numbered paragraphs as follows:

---

[1]    Defendants aver that on September 5, 2025, Executive Order 14347 determined that the United States Department of Defense should be known as the Department of War.  Defendants accordingly utilize "Department of War" and "DOW" herein.  *See* Exec. Order No. 14347, Restoring the United States Department of War, 90 Fed. Reg. 43,893 (Sept. 5, 2025).

1.      This paragraph consists of Plaintiff's characterization of this action, to which no response is required.  To the extent that a response is deemed required, Defendants admit only that DHS received four FOIA requests from Plaintiff, three dated October 17, 2025 and one dated October 21, 2025; that DOJ received four FOIA requests from Plaintiff, all dated October 17, 2025; and that DOW received three FOIA requests from Plaintiff, all dated October 17, 2025. Defendants respectfully refer the Court to the aforementioned FOIA requests for a complete and accurate statement of their contents, and deny any allegations in this paragraph inconsistent therewith.

2.      Defendants admit that, as of the filing of the Complaint, Defendants had not issued final determinations as to Plaintiff's ten October 17, 2025 FOIA requests, nor to Plaintiff's October 21, 2025 FOIA request.  Defendants aver that on March 31, 2026, Defendant U.S. Department of War, Northern Command ("USNORTHCOM") issued a final response to Plaintiff's October 17, 2026 FOIA request to USNORTHCOM.  Defendants additionally aver that on April 21, 2026, Defendant U.S. Department of Justice, Criminal Division ("CRM") issued a final response to Plaintiff's October 17, 2025 FOIA request to CRM.

3.      This paragraph consists of a legal conclusion, to which no response is required.

4.      This paragraph consists of Plaintiff's characterization of this action, to which no response is required.

**JURISDICTION AND VENUE[2]**

5.      This paragraph consists of legal conclusions regarding jurisdiction, to which no response is required.  To the extent that a response is deemed required, Defendants admit that

---

[2]      Defendant replicates the headings contained in the Complaint for ease of reference only. To the extent that a response is deemed required, and to the extent that those headings could be construed as factual allegations, such allegations are denied.

this Court has jurisdiction subject to the terms, conditions, and limitations of the FOIA.  5 U.S.C. § 552.

6.       This paragraph consists of legal conclusions regarding venue, to which no response is required.  To the extent that a response is deemed required, Defendants admit that venue is proper in this judicial district for actions brought under the FOIA.

## PARTIES

7.       This paragraph consists of Plaintiff's characterization of itself, about which Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations.

8.       Defendants admit only that DOJ is a federal agency subject to the FOIA.  This paragraph further contains Plaintiff's characterization of DOJ, to which no response is required. The remaining allegations in this paragraph consist of legal conclusions, to which no response is required.

9.       Defendants admit only that DHS is a federal agency subject to the FOIA.  This paragraph further contains Plaintiff's characterization of DHS, to which no response is required. The remaining allegations in this paragraph consist of legal conclusions, to which no response is required.

10.       Defendants admit only that DOW is a federal agency subject to the FOIA.  This paragraph further contains Plaintiff's characterization of DOW, to which no response is required. The remaining allegations in this paragraph consist of legal conclusions, to which no response is required.

## ALLEGATIONS

11.       This paragraph describes alleged statements, which are not cited, that Plaintiff

claims President Trump made to the New York Times and to others "[i]n January 2026" and "in the weeks since." Defendants respectfully refer the Court to the referenced statements themselves for a complete and accurate statement of their contents, and deny any allegations in this paragraph inconsistent therewith.

12. This paragraph describes an alleged statement by White House Press Secretary Karoline Leavitt to reporters. Defendants respectfully refer the Court to the referenced statement for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

13. Defendants deny that the referenced warrant affidavit was "based on . . . debunked conspiracy theories."

14. Defendants deny the allegations of this paragraph.

15. Defendants aver that this paragraph consists of unsupported speculation by Plaintiff and Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

16. This paragraph consists of Plaintiff's characterization of itself, about which Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in this paragraph.

17. This paragraph consists of Plaintiff's characterization of itself, about which Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in this paragraph.

18. This paragraph consists of Plaintiff's characterization of itself, about which Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in this paragraph.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

21. This paragraph consists of Plaintiff's characterization of itself, about which Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in this paragraph.

22. This paragraph consists of Plaintiff's characterization of itself, about which Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in this paragraph.

23. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

24. This paragraph consists of Plaintiff's characterization of itself, about which Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations contained in this paragraph.

25. Defendants admit that DHS received four FOIA requests from Plaintiff, three dated October 17, 2025 and one dated October 21, 2025; that DOJ received four FOIA requests from Plaintiff, all dated October 17, 2025; and that DOW received three FOIA requests from Plaintiff, all dated October 17, 2025. Defendants respectfully refer the Court to the aforementioned FOIA requests for a complete and accurate statement of their contents, and deny any allegations in this paragraph inconsistent therewith.

26. This paragraph consists of a legal conclusion, to which no response is required.

27. Defendants admit that, as of the filing of the Complaint, Defendants had not

issued final determinations as to Plaintiff's ten October 17, 2025 FOIA requests, or to Plaintiff's October 21, 2025 FOIA request. Defendants aver that on March 31, 2026, Defendant USNORTHCOM issued a final response to Plaintiff's October 17, 2026 FOIA request to USNORTHCOM. Defendants additionally aver that on April 21, 2026, Defendant CRM issued a final response to Plaintiff's October 17, 2025 FOIA request to CRM.

### Department of Justice: Federal Bureau of Investigation

28. Defendants admit that Federal Bureau of Investigation ("FBI") received a FOIA request from Plaintiff, dated October 17, 2025. Defendants respectfully refer the Court to Plaintiff's October 17, 2025 FOIA request to FBI for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

29. This paragraph consists of Plaintiff's characterization of its October 17, 2025 FOIA request to FBI, to which no response is required. Defendants respectfully refer the Court to Plaintiff's October 17, 2025 FOIA request to FBI for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

30. This paragraph consists of Plaintiff's characterization of its Exhibit 1, to which no response is required. Defendants respectfully refer the Court to Plaintiff's Exhibit 1 for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

31. Defendants admit that FBI acknowledged receipt of Plaintiff's October 17, 2025 FOIA request to FBI via letter dated October 29, 2025, and assigned Plaintiff's October 17, 2025 FOIA request to FBI reference number 1695509-000. Defendants respectfully refer the Court to FBI's October 29, 2025 acknowledgement letter for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

32.     Defendants admit that FBI sent Plaintiff a letter dated November 21, 2025. Defendants respectfully refer the Court to FBI's November 21, 2025 letter for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

33.     Defendants admit that November 21, 2025, was the last date on which FBI sent correspondence to Plaintiff regarding Plaintiff's October 17, 2025 FOIA request to FBI.

34.     Defendants admit only that FBI has not yet issued a final determination as to Plaintiff's October 17, 2025 FOIA request to FBI.  The remainder of this paragraph consists of a legal conclusion, to which no response is required.

35.     This paragraph consists of legal conclusions, to which no response is required.

36.     This paragraph consists of a legal conclusion, to which no response is required.

**Department of Justice: Civil Rights Division**

37.     Defendants admit that the Civil Rights Division ("CRT") received a FOIA request from Plaintiff, dated October 17, 2025.  Defendants respectfully refer the Court to Plaintiff's October 17, 2025 FOIA request to CRT for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

38.     This paragraph consists of Plaintiff's characterization of its October 17, 2025 FOIA request to CRT, to which no response is required.  Defendants respectfully refer the Court to Plaintiff's October 17, 2025 FOIA request to CRT for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

39.     This paragraph consists of Plaintiff's characterization of its Exhibit 2, to which no response is required.  Defendants respectfully refer the Court to Plaintiff's Exhibit 2 for a complete and accurate statement of its contents, and deny any allegations in this paragraph

inconsistent therewith.

40.    Defendant CRT admits that CRT acknowledged receipt of Plaintiff's October 17, 2025 FOIA request to CRT via email on December 3, 2025, and assigned Plaintiff's October 17, 2025 FOIA request to CRT reference number 26-00034-F.  Defendants respectfully refer the Court to CRT's December 3, 2025 email for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

41.    This paragraph consists of Plaintiff's characterization of CRT's December 3, 2025 email, to which no response is required.  Defendant CRT avers that CRT was closed due to a lapse in funding appropriations from October 1, 2025 through November 12, 2025.  Defendants respectfully refer the Court to CRT's December 3, 2025 email for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

42.    Defendants admit that December 3, 2025 was the last date on which CRT sent correspondence to Plaintiff regarding Plaintiff's October 17, 2025 FOIA request to CRT.

43.    Defendants admit only that CRT has not yet issued a final determination as to Plaintiff's October 17, 2025 FOIA request to CRT.  The remainder of this paragraph consists of a legal conclusion, to which no response is required.

44.    This paragraph consists of legal conclusions, to which no response is required.

45.    This paragraph consists of a legal conclusion, to which no response is required.

### Department of Justice: Criminal Division

46.    Defendants admit that the Criminal Division ("CRM") received a FOIA request from Plaintiff, dated October 17, 2025.  Defendants respectfully refer the Court to Plaintiff's October 17, 2025 FOIA request to CRM for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

47.    This paragraph consists of Plaintiff's characterization of its October 17, 2025 FOIA request to CRM, to which no response is required.  Defendants respectfully refer the Court to Plaintiff's October 17, 2025 FOIA request to CRM for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

48.    This paragraph consists of Plaintiff's characterization of its Exhibit 3, to which no response is required.  Defendants respectfully refer the Court to Plaintiff's Exhibit 3 for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

49.    Defendants admit that CRM acknowledged receipt of Plaintiff's October 17, 2025 FOIA request to CRM via letter dated February 11, 2026, and assigned Plaintiff's October 17, 2025 FOIA request to CRM reference number CRM-302386871.  Defendants respectfully refer the Court to CRM's February 11, 2026 letter for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

50.    This paragraph consists of Plaintiff's characterization of CRM's February 11, 2026 letter, to which no response is required.  Defendant CRM avers that CRM was closed due to a lapse in funding appropriations from October 1, 2025 through November 12, 2025. Defendants respectfully refer the Court to CRM's February 11, 2026 letter for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

51.    Defendants admit that February 11, 2026 was the last date on which CRM sent correspondence to Plaintiff regarding Plaintiff's October 17, 2025 FOIA request to CRM.

52.    Defendants admit only that, as of the filing of the Complaint, CRM had not yet issued a final determination as to Plaintiff's October 17, 2025 FOIA request to CRM.  Defendant

CRM avers that CRM issued a final response as to Plaintiff's October 17, 2025 FOIA request to CRM on April 21, 2026. The remainder of this paragraph consists of a legal conclusion, to which no response is required.

53. This paragraph consists of legal conclusions, to which no response is required.

54. This paragraph consists of a legal conclusion, to which no response is required.

### Department of Justice: Office of Information Policy

55. Defendants admit that the Office of Information Policy ("OIP") received a FOIA request from Plaintiff, dated October 17, 2025. Defendants respectfully refer the Court to Plaintiff's October 17, 2025 FOIA request to OIP for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

56. This paragraph consists of Plaintiff's characterization of its October 17, 2025 FOIA request to OIP, to which no response is required. Defendants respectfully refer the Court to Plaintiff's October 17, 2025 FOIA request to OIP for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

57. This paragraph consists of Plaintiff's characterization of its Exhibit 4, to which no response is required. Defendants respectfully refer the Court to Plaintiff's Exhibit 4 for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

58. Defendants admit that OIP acknowledged receipt of Plaintiff's October 17, 2025 FOIA request to OIP via letter dated December 12, 2025. Defendants deny that OIP assigned reference number FOIA-2025-00122 to Plaintiff's October 17, 2025 FOIA request, and aver that OIP assigned reference number FOIA-2026-00122 to the aforementioned FOIA request. Defendants respectfully refer the Court to OIP's December 12, 2025 letter for a complete and

accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

59.     This paragraph consists of Plaintiff's characterization of OIP's December 12, 2025 letter, to which no response is required.  Defendants respectfully refer the Court to OIP's December 12, 2025 letter for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

60.     Defendants admit that OIP sent Plaintiff a second acknowledgment letter dated February 18, 2026, and provided reference number FOIA-2026-01714.  Defendants respectfully refer the Court to OIP's February 18, 2026 letter for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

61.     This paragraph consists of Plaintiff's characterization of OIP's February 18, 2026 letter, to which no response is required.  Defendants respectfully refer the Court to OIP's February 18, 2026 letter for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

62.     This paragraph consists of Plaintiff's characterization of OIP's February 18, 2026 letter, to which no response is required.  Defendants respectfully refer the Court to OIP's February 18, 2026 letter for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

63.     Defendants admit that February 18, 2026 was the last date on which OIP sent correspondence to Plaintiff regarding Plaintiff's October 17, 2025 FOIA request to OIP.

64.     Defendants admit only that OIP has not yet issued a final determination as to Plaintiff's October 17, 2025 FOIA request to OIP.  The remainder of this paragraph consists of a legal conclusion, to which no response is required.

65.     This paragraph consists of legal conclusions, to which no response is required.

66.     This paragraph consists of a legal conclusion, to which no response is required.

**Department of Homeland Security: U.S. Customs and Border Protection**

67.     Defendants admit that U.S. Customs and Border Protection ("CBP") received a FOIA request from Plaintiff, dated October 17, 2025.  Defendants respectfully refer the Court to Plaintiff's October 17, 2025 FOIA request to CBP for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

68.     This paragraph consists of Plaintiff's characterization of its October 17, 2025 FOIA request to CBP, to which no response is required.  Defendants respectfully refer the Court to Plaintiff's October 17, 2025 FOIA request to CBP for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

69.     This paragraph consists of Plaintiff's characterization of its Exhibit 5, to which no response is required.  Defendants respectfully refer the Court to Plaintiff's Exhibit 5 for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

70.     Defendants admit that CBP acknowledged receipt of Plaintiff's October 17, 2025 FOIA request to CBP via email on October 20, 2025, and assigned Plaintiff's October 17, 2025 FOIA request to CBP reference number CBP-FO-2026-008615.  Defendants respectfully refer the Court to CBP's October 20, 2025 email for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

71.     This paragraph consists of Plaintiff's characterization of CBP's October 20, 2025 email, to which no response is required.  Defendants respectfully refer the Court to CBP's October 20, 2025 email for a complete and accurate statement of its contents, and deny any

allegations in this paragraph inconsistent therewith.

72.    This paragraph consists of Plaintiff's characterization of CBP's October 20, 2025 email, to which no response is required.  Defendants respectfully refer the Court to CBP's October 20, 2025 email for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

73.    Defendants admit that October 20, 2025 was the last date on which CBP sent correspondence to Plaintiff regarding Plaintiff's October 17, 2025 FOIA request to CBP.

74.    Defendants admit only that CBP has not yet issued a final determination as to Plaintiff's October 17, 2025 FOIA request to CBP.  The remainder of this paragraph consists of a legal conclusion, to which no response is required.

75.    This paragraph consists of legal conclusions, to which no response is required.

76.    This paragraph consists of a legal conclusion, to which no response is required.

**Department of Homeland Security: Federal Protective Service**

77.    Defendants admit that the Federal Protective Service ("FPS") received a FOIA request from Plaintiff, dated October 21, 2025.  Defendants respectfully refer the Court to Plaintiff's October 21, 2025 FOIA request to FPS for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

78.    This paragraph consists of Plaintiff's characterization of its October 21, 2025 FOIA request to FPS, to which no response is required.  Defendants respectfully refer the Court to Plaintiff's October 21, 2025 FOIA request to FPS for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

79.    This paragraph consists of Plaintiff's characterization of its Exhibit 6, to which no response is required.  Defendants respectfully refer the Court to Plaintiff's Exhibit 6 for a

complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

80.     Defendants admit that FPS acknowledged receipt of Plaintiff's October 21, 2025 FOIA request to FPS via letter dated November 21, 2025, and assigned Plaintiff's October 21, 2025 FOIA request to FPS reference number 2026-FPFO-00024. Defendants respectfully refer the Court to FPS's November 21, 2025 letter for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

81.     This paragraph contains Plaintiff's characterization of FPS's November 21, 2025 letter, to which no response is required. Defendants aver that the privacy office responsible for handling FPS FOIA matters was closed due to a lapse in funding appropriations from October 1, 2025 through November 12, 2025. Defendants respectfully refer the Court to FPS's November 21, 2025 letter for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in this paragraph.

82.     This paragraph consists of Plaintiff's characterization of FPS's November 21, 2025 letter, to which no response is required. Defendants respectfully refer the Court to FPS's November 21, 2025 letter for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

83.     This paragraph consists of Plaintiff's characterization of FPS's November 21, 2025 letter, to which no response is required. Defendants respectfully refer the Court to FPS's November 21, 2025 letter for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

84.     Defendants admit that November 21, 2025 was the last date on which FPS sent

correspondence to Plaintiff regarding Plaintiff's October 21, 2025 FOIA request to FPS.

85.     Defendants admit only that FPS has not yet issued a final determination as to Plaintiff's October 21, 2025 FOIA request to FPS.  The remainder of this paragraph consists of a legal conclusion, to which no response is required.

86.     This paragraph consists of legal conclusions, to which no response is required.

87.     This paragraph consists of a legal conclusion, to which no response is required.

**Department of Homeland Security: U.S. Immigration and Customs Enforcement**

88.     Defendants admit that Immigration and Customs Enforcement ("ICE") received a FOIA request from Plaintiff, dated October 17, 2025.  Defendants respectfully refer the Court to Plaintiff's October 17, 2025 FOIA request to ICE for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

89.     This paragraph consists of Plaintiff's characterization of its October 17, 2025 FOIA request to ICE, to which no response is required.  Defendants respectfully refer the Court to Plaintiff's October 17, 2025 FOIA request to ICE for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

90.     This paragraph consists of Plaintiff's characterization of its Exhibit 7, to which no response is required.  Defendants respectfully refer the Court to Plaintiff's Exhibit 7 for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

91.     Defendants admit that ICE acknowledged receipt of Plaintiff's October 17, 2025 FOIA request to ICE via email on November 26, 2025, and assigned Plaintiff's October 17, 2025 FOIA request to ICE reference number 2026-ICFO-02081.  Defendants respectfully refer the Court to ICE's November 26, 2025 email for a complete and accurate statement of its contents,

and deny any allegations in this paragraph inconsistent therewith.

92. This paragraph consists of Plaintiff's characterization of ICE's November 26, 2025 email, to which no response is required. Defendants respectfully refer the Court to ICE's November 26, 2025 email for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

93. Defendants admit that ICE received an email from Plaintiff on December 1, 2025. This paragraph otherwise consists of Plaintiff's characterization of its December 1, 2025 email to ICE, to which no response is required. Defendants respectfully refer the Court to Plaintiff's December 1, 2025 email to ICE for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

94. This paragraph purports to characterize ICE's November 26, 2025 email, to which no response is required. Defendants deny that ICE's November 26, 2025 email classifies Plaintiff's October 17, 2025 FOIA request to ICE as "complex." Defendants respectfully refer the Court to ICE's November 26, 2025 email for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

95. Defendants admit that November 26, 2025 was the last date on which ICE sent correspondence to Plaintiff regarding Plaintiff's October 17, 2025 FOIA request to ICE.

96. Defendants admit only that ICE has not yet issued a final determination as to Plaintiff's October 17, 2025 FOIA request to ICE. The remainder of this paragraph consists of a legal conclusion, to which no response is required.

97. This paragraph consists of legal conclusions, to which no response is required.

98. This paragraph consists of a legal conclusion, to which no response is required.

**Department of Homeland Security Headquarters**

99.     Defendant DHS admits that DHS received a FOIA request from Plaintiff, dated October 17, 2025.  Defendants respectfully refer the Court to Plaintiff's October 17, 2025 FOIA request to DHS for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

100.    This paragraph consists of Plaintiff's characterization of its October 17, 2025 FOIA request to DHS, to which no response is required.  Defendants respectfully refer the Court to Plaintiff's October 17, 2025 FOIA request to DHS for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

101.    This paragraph consists of Plaintiff's characterization of its Exhibit 8, to which no response is required.  Defendants respectfully refer the Court to Plaintiff's Exhibit 8 for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

102.    Defendants admit that DHS acknowledged receipt of Plaintiff's October 17, 2025 FOIA request to DHS via email on December 6, 2025, and assigned Plaintiff's October 17, 2025 FOIA request to DHS reference number 2026-HQFO-00176.  Defendants respectfully refer the Court to DHS's December 6, 2025 email for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

103.    This paragraph consists of Plaintiff's characterization of DHS's December 6, 2025 email, to which no response is required.  Defendants respectfully refer the Court to DHS's December 6, 2025 email for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

104.    Defendant DHS admits that DHS received an email from Plaintiff on December 8, 2025.  This paragraph consists of Plaintiff's characterization of its December 8, 2025 email to

DHS, to which no response is required.  Defendants respectfully refer the Court to Plaintiff's December 8, 2025 email to DHS for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

105. Defendant DHS admits that DHS sent Plaintiff an email on December 18, 2025. This paragraph consists of Plaintiff's characterization of DHS's December 18, 2025 email, to which no response is required.  Defendants respectfully refer the Court to DHS's December 18, 2025 email for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

106. This paragraph consists of Plaintiff's characterization of DHS's December 18, 2025 email, to which no response is required.  Defendants respectfully refer the Court to DHS's December 18, 2025 email for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

107. This paragraph consists of Plaintiff's characterization of DHS's December 18, 2025 email, to which no response is required.  Defendants respectfully refer the Court to DHS's December 18, 2025 email for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

108. Defendant DHS admits that December 18, 2025 was the last date on which DHS sent correspondence to Plaintiff regarding Plaintiff's October 17, 2025 FOIA request to DHS.

109. Defendant DHS admits only that DHS has not yet issued a final determination as to Plaintiff's October 17, 2025 FOIA request to DHS.  The remainder of this paragraph consists of a legal conclusion, to which no response is required.

110. This paragraph consists of legal conclusions, to which no response is required.

111. This paragraph consists of a legal conclusion, to which no response is required.

**Department of War: National Guard Bureau**

112.    Defendant U.S. Department of War, National Guard Bureau ("NGB") admits that NGB received a FOIA request from Plaintiff, dated October 17, 2025.  Defendants respectfully refer the Court to Plaintiff's October 17, 2025 FOIA request to NGB for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

113.    This paragraph consists of Plaintiff's characterization of its October 17, 2025 FOIA request to NGB, to which no response is required.  Defendants respectfully refer the Court to Plaintiff's October 17, 2025 FOIA request to NGB for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

114.    This paragraph consists of Plaintiff's characterization of its Exhibit 9, to which no response is required.  Defendants respectfully refer the Court to Plaintiff's Exhibit 9 for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

115.    Defendants admit that NGB has not yet issued a final determination as to Plaintiff's October 17, 2025 FOIA request to NGB.

116.    Defendants admit only that NGB has not yet issued a final determination as to Plaintiff's October 17, 2025 FOIA request to NGB.  The remainder of this paragraph consists of a legal conclusion, to which no response is required.

117.    This paragraph consists of legal conclusions, to which no response is required.

118.    This paragraph consists of a legal conclusion, to which no response is required.

**Department of War: Northern Command**

119.    Defendants admit that USNORTHCOM received a FOIA request from Plaintiff, dated October 17, 2025.  Defendants respectfully refer the Court to Plaintiff's October 17, 2025

- 19 -

FOIA request to USNORTHCOM for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

120.   This paragraph consists of Plaintiff's characterization of its October 17, 2025 FOIA request to USNORTHCOM, to which no response is required.  Defendants respectfully refer the Court to Plaintiff's October 17, 2025 FOIA request to USNORTHCOM for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

121.   This paragraph consists of Plaintiff's characterization of its Exhibit 10, to which no response is required.  Defendants respectfully refer the Court to Plaintiff's Exhibit 10 for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

122.   Defendants admit that USNORTHCOM acknowledged receipt of Plaintiff's October 17, 2025 FOIA request to USNORTHCOM via letter dated October 21, 2025, and assigned Plaintiff's October 17, 2025 FOIA request to USNORTHCOM reference number 25-R-072.  Defendants respectfully refer the Court to USNORTHCOM's October 21, 2025 letter for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

123.   Defendants admit that USNORTHCOM sent Plaintiff a letter dated November 17, 2025, and assigned Plaintiff's October 17, 2025 FOIA request to USNORTHCOM updated reference number 26-R-001.

124.   Defendants admit that November 17, 2025 was the last date on which USNORTHCOM sent correspondence to Plaintiff regarding Plaintiff's October 17, 2025 FOIA request to USNORTHCOM.

125.    Defendants admit only that, as of the filing of the Complaint, USNORTHCOM had not yet issued a final determination as to Plaintiff's October 17, 2025 FOIA request. Defendants aver that USNORTHCOM issued a final response as to Plaintiff's October 17, 2025 FOIA request to USNORTHCOM on March 31, 2026.  The remainder of this paragraph consists of a legal conclusion, to which no response is required.

126.    This paragraph consists of legal conclusions, to which no response is required.

127.    This paragraph consists of a legal conclusion, to which no response is required.

### Department of War: Headquarters

128.    Defendant DOW admits that DOW received a FOIA request from Plaintiff, dated October 17, 2025.  Defendants respectfully refer the Court to Plaintiff's October 17, 2025 FOIA request to DOW for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

129.    This paragraph consists of Plaintiff's characterization of its October 17, 2025 FOIA request to DOW, to which no response is required.  Defendants respectfully refer the Court to Plaintiff's October 17, 2025 FOIA request to DOW for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

130.    This paragraph consists of Plaintiff's characterization of its Exhibit 11, to which no response is required.  Defendants respectfully refer the Court to Plaintiff's Exhibit 11 for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

131.    Defendant DOW admits that DOW acknowledged receipt of Plaintiff's October 17, 2025 FOIA request to DOW via letter dated November 18, 2025, and assigned Plaintiff's October 17, 2025 FOIA request to DOW reference number 26-F-0465.  Defendants

respectfully refer the Court to DOW's November 18, 2025 letter for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

132.    This paragraph consists of Plaintiff's characterization of DOW's November 18, 2025 letter, to which no response is required. Defendants respectfully refer the Court to DOW's November 18, 2025 letter for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

133.    Defendant DOW admits that DOW sent Plaintiff a letter dated December 18, 2025, and assigned Plaintiff's October 17, 2025 FOIA request to DOW reference number 26-F-0118.

134.    This paragraph consists of Plaintiff's characterization of DOW's December 18, 2025 letter, to which no response is required. Defendants respectfully refer the Court to DOW's December 18, 2025 letter for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

135.    Defendant DOW admits only that DOW sent Plaintiff a letter dated January 7, 2026. This paragraph contains Plaintiff's characterization of DOW's January 7, 2026 letter, to which no response is required. Defendants respectfully refer the Court to DOW's January 7, 2026 letter for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith. The remainder of this paragraph consists of a legal conclusion, to which no response is required.

136.    Defendant DOW admits that DOW sent Plaintiff an email on February 17, 2026. This paragraph contains Plaintiff's characterization of DOW's February 17, 2026 email, to which no response is required. Defendants respectfully refer the Court to DOW's February 17, 2026 email for a complete and accurate statement of its contents, and deny any allegations in

this paragraph inconsistent therewith. The remainder of this paragraph consists of Plaintiff's characterization of its February 17, 2026 phone call with DOW, to which no response is required.

137. Defendant DOW admits that DOW sent Plaintiff an email on February 20, 2026. This paragraph consists of Plaintiff's characterization of DOW's February 20, 2026 email, to which no response is required. Defendants respectfully refer the Court to DOW's February 20, 2026 email for a complete and accurate statement of its contents, and deny any allegations in this paragraph inconsistent therewith.

138. Defendant DOW admits that February 20, 2026 was the last date on which DOW sent correspondence to Plaintiff regarding Plaintiff's October 17, 2025 FOIA request to DOW.

139. Defendant DOW admits only that DOW has not yet issued a final determination as to Plaintiff's October 17, 2025 FOIA request. The remainder of this paragraph consists of a legal conclusion, to which no response is required.

140. This paragraph consists of legal conclusions, to which no response is required.

141. This paragraph consists of a legal conclusion, to which no response is required.

## CLAIM FOR RELIEF

142. Defendants incorporate by reference their responses to Paragraphs 1 through 141 as if fully restated herein.

143. This paragraph consists of legal conclusions, to which no response is required.

## PRAYER FOR RELIEF

The remainder of the Complaint consists of Plaintiff's requests for relief, to which no response is required. To the extent that a response is deemed required, Defendants deny that

Plaintiff is entitled to the relief requested.

## DEFENSES

Defendants deny any and all allegations in the Complaint which have not otherwise been specifically admitted or denied herein.  Furthermore, Defendants reserve the right to alter, amend, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to this Complaint become known to Defendants during the course of this litigation.

## FIRST DEFENSE

Defendants have exercised due diligence in processing Plaintiff's FOIA request, and exceptional circumstances exist that necessitate additional time for Defendants to continue their processing of Plaintiff's FOIA requests.  *See* 5 U.S.C. § 552(a)(6)(C).

## SECOND DEFENSE

Plaintiff is not entitled to compel the production of any record or portions thereof protected from disclosure by one or more exclusions or exemptions of the FOIA, 5 U.S.C. § 552(b), the Privacy Act, 5 U.S.C. § 552a, or any other applicable law.

## THIRD DEFENSE

The Court lacks subject matter jurisdiction to award relief that exceeds the relief authorized under the FOIA, including but not limited to declaratory relief.  *See* 5 U.S.C. § 552(a)(4)(B).

## FOURTH DEFENSE

Plaintiff is neither eligible nor entitled to attorneys' fees or costs.

## FIFTH DEFENSE

Plaintiff's FOIA request is improper to the extent it is unduly burdensome or does not reasonably describe the records sought at required by 5 U.S.C. § 552(a)(3)(A).

Dated:  June 3, 2026
        Washington, DC

Respectfully submitted,

SEAN GLENDENING
Director, Office of Information Policy

JEANINE FERRIS PIRRO
United States Attorney

By:_____/s/ Andrew J. Vaden_____
    ANDREW J. VADEN, D.C. Bar #1044860
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 252-2437

*Attorneys for the United States of America*