UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRATIC NATIONAL COMMITTEE,<br>Plaintiff,<br>v.<br>U.S. DEPARTMENT OF JUSTICE, et al.,<br>Defendants. | Civil Action No. 26-0825 (BAH) |

**JOINT STATUS REPORT**

Pursuant to this Court's Minute Order dated August 8, 2026, the parties, by and through their respective undersigned counsel, respectfully submit this Joint Status Report. As set forth herein, the parties have different positions regarding the status of this matter, which concerns requests by the Democratic National Committee ("DNC") for records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

**Statement of the Democratic National Committee**

This case concerns eleven FOIA requests sent by the DNC in October 2025 concerning potential deployment of federal agents and troops to polling places, drop boxes, and election offices. Compl. ¶ 1 (ECF No. 1). Due entirely to this Court's directives, Defendants have now made halting progress towards compliance. Nonetheless, Defendants have produced vanishingly few documents beyond public materials of marginal relevance and press clipping expressly excluded from the DNC's FOIA requests.

The DNC wishes to bring two matters to this Court's attention. First, after the Department of Defense ("DOD") provided a "final" response letter on August 18, the DNC promptly notified opposing counsel that responsive records likely remained and had not been produced. DOD had

previously produced a December 18, 2025 email concerning questions for the record following a Senate Armed Services Committee hearing. Thirteen of those questions concerned the deployment of troops to polling places, and the Senate requested a response no later than January 22, 2026. Thus, it is highly likely that DOD possesses but has not produced factual materials, communications, drafts, and final responses related to those questions for the record. DOD has informed the DNC it is "open to discussing targeted supplemental searches."[1] Any such searches should be completed promptly, to ensure that DOD reviews the documents under the monthly quota imposed by this Court's July 13 Minute Order.

More pressingly, U.S. Immigration and Customs Enforcement ("ICE") suggests below that it will review less than 20% of its remaining potentially responsive records prior to Election Day. ICE has not produced any responsive documents to date, as its August 7 production consisted entirely of unannotated press clips, which are expressly outside the scope of the DNC's FOIA request. ICE has also elected to produce documents on the 7th of each month—a week later than all other agencies—meaning that only two production dates remain before the November 3 election. Yet ICE is the federal law enforcement agency that has appeared at active polling locations and even entered a polling place this year. *See* July 10 Status Rep. 4 n.1 (ECF No. 22) (collecting incidents). The status quo would leave DNC and the voters it represents without knowledge of any ICE plans or guidelines heading into Election Day. At minimum, the DNC

[1] DOD has suggested that its failure to produce these records could be attributable to pre-suit "narrowing discussions." In a January 6, 2026 email to DOD FOIA staff, the DNC identified custodians who might potentially possess responsive records, while also noting that DOD "possesses the far greater familiarity with the offices, individuals, and search terms that would produce responsive documents." Thus, the DNC included "[a]ny offices reasonably determined by your office as likely to possess responsive documents" among offices to search and "[a]ny custodians reasonably determined by your office as likely to possess responsive documents" among individual custodians. A reasonable search would have identified these documents prior to the July 1 deadline imposed by this Court in its May 26 Minute Order.

respectfully reiterates its request for batched production between now and Election Day. *See* Aug. 7 Status Rep. 2 (ECF No. 24); *see also* July 31 Minute Order (querying whether "defendants should be directed to produce responsive processed pages in batches, every 10 days").[2]

**<u>Statement of the Defendants</u>**

1. Plaintiff's suit arises under the Freedom of Information Act ("FOIA") and relates to eleven FOIA requests submitted by Plaintiff to Defendants. After the parties submitted a Joint Status Report on August 7, 2026 (ECF No. 24), this Court entered a Minute Order directing the parties to submit a further status report by August 21, 2026, including "an estimated number of pages remaining to be processed by each of the four components still processing responsive records and estimated date for completion of processing and of production." Defendants provide the following information in response to the Court's order.

2. **Office of the Secretary of War ("OSW").** On August 18, 2026, OSW provided its final response to Plaintiff's request. Their processing is complete and no documents remain for review as of August 18, 2026. Plaintiff had provided OSW guidance regarding offices to search, individual custodians, and search terms on January 6, 2026, and OSW's search was conducted pursuant to that guidance. Dissatisfied with the results, Plaintiff has now requested a supplemental

[2] Defendants' suggestion below that the DNC "has repeatedly declined to narrow its request [to ICE] chronologically, by custodian, or by search terms" is entirely unfounded. Three months ago, ICE indicated that it had no responsive documents at all, *see* May 22 Status Rep. 5, and following its renewed search, ICE has not provided a list of custodians or other tools for prioritization. Defendants only point to a footnote to the most recent status report indicating that ICE would be willing "to consider any technically feasible narrowing or prioritization requests Plaintiff may advance." Aug. 7 Status Rep. 4 n.1. The DNC did just that by requesting that ICE cease reviewing or producing lengthy collections of unannotated press clippings. *See id.* at 2 ("[T]he DNC agrees with Defendants that weekly meetings are not needed to narrow its requests, but only because the requests are already properly narrowed."). To the extent that ICE is now willing to entertain additional requests, the DNC has already requested a list of custodians to facilitate a prioritization request and will consider additional technical suggestions forthwith.

search, which OSW has agreed to promptly conduct. Any suggestion that OSW has acted in a manner inconsistent with the Court's prior orders is unfounded.

3. **Department of Homeland Security ("DHS") Headquarters.** DHS Headquarters reports that approximately 1,000 pages of potentially responsive records remain to be processed, and they currently expect to complete processing of those records by August 31, 2026. Consultations for 13 potentially responsive pages that DHS Headquarters processed as part of its July 2026 production are currently pending. DHS has requested responses from the consulting agencies by August 28, 2026.

4. **Customs and Border Protection ("CBP").** Since the response letter issued to Plaintiff by CBP on July 30, 2026, CBP has processed 123 documents totaling 6,811 pages and 16 Excel files. All of the 123 documents were drawn from a subgroup of records that were hits for narrowed sub-searches implemented at Plaintiff's request (the "prioritized records," *see* ECF No. 24 ¶ 8), and all were determined by CBP to be nonresponsive to Plaintiff's request. Of the prioritized records, approximately 181 potentially responsive documents totaling 3,508 pages remain to be processed. CBP expects to provide a further interim response by August 31, 2026, and estimates its processing of the prioritized records will be complete by September 30, 2026. An additional 1,296 records totaling 23,965 pages have not been processed for a subgroup consisting of hits for a proximity search focused on the term "post" that was deprioritized by agreement with Plaintiff.

5. **Immigration and Customs Enforcement ("ICE").** ICE reports that approximately 10,698 pages of potentially responsive records remain to be processed. At Plaintiff's suggestion, ICE is prioritizing for review records that, based on metadata, do not appear to be press clippings. *See* ECF No. 24 at 2, 4 n.1. At the rate of 1,000 pages per month, initial

processing will be complete by approximately June 2027; to the extent initial processing identifies a need for consultation with or referral to other agencies or other DHS components, Defendants will work to expeditiously secure the required information from the relevant agency or component and produce any responsive, non-exempt records to Plaintiff.

6. Plaintiff expresses concern about the volume of potentially responsive pages remaining for review by ICE, but has repeatedly declined to narrow its request chronologically, by custodian, or by search terms. *See, e.g.*, ECF No. 24 ¶ 6 n.1. As the parties' cooperative experience with CBP's prioritization exercise demonstrates, such efforts can help isolate and prioritize the potentially responsive records of greatest interest. Separately, Plaintiff's suggestion that ICE make more frequent, "batched" productions should be rejected because it would have the undesired consequence of diverting resources away from processing potentially responsive documents and toward the mechanics of finalizing, clearing, and transmitting the productions at issue.

* * *

Dated: August 21, 2026

*/s/ Daniel J. Freeman*
Daniel J. Freeman
(Bar No. 90038422)
Democratic National Committee
430 South Capitol Street SE
Washington, DC 20003
(202) 860-8000
freemand@dnc.org

Benjamin B. Klubes
(Bar No. 428852)
Adam Milller
(Bar No. 496339)
Klubes Law Group
1717 K Street NW, Suite 9000
Washington, DC 20006
(202) 753-5054
bklubes@kblueslaw.com
amiller@klubeslaw.com

*Attorneys for the Democratic National Committee*

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Andrew J. Vaden*
ANDREW J. VADEN, D.C. Bar #1044860
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2437

*Attorneys for the United States of America*