UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRATIC NATIONAL COMMITTEE,<br>Plaintiff,<br>v.<br>U.S. DEPARTMENT OF JUSTICE, et al.,<br>Defendants. | Civil Action No. 26-0825 (BAH) |

**JOINT STATUS REPORT**

Pursuant to this Court's Minute Order dated August 22, 2026, the parties, by and through their respective undersigned counsel, respectfully submit this Joint Status Report. As set forth herein, the parties have different positions regarding the status of this matter, which concerns requests by the Democratic National Committee ("DNC") for records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

**Statement of the Democratic National Committee**

This case concerns eleven FOIA requests sent by the DNC in October 2025 concerning potential deployment of federal agents and troops to polling places, drop boxes, and election offices. Compl. ¶ 1 (ECF No. 1). Due entirely to this Court's directives, Defendants have now made further progress towards compliance.

The DNC wishes to bring two matters to this Court's attention. First, on September 1, Secretary of Homeland Security Markwayne Mullin stated as a press conference, "The only reason why [ICE] would be at polling places, if there is a threat to that voting place . . . or we're serving a warrant on someone we have been actively tracking down." This indicates that the Department of Homeland Security ("DHS") has established clear policies governing the deployment of armed

agents to polling places and election offices. The contours of any such policy are of the greatest public importance, not least because directing ICE agents to a polling place or election office merely to serve a warrant would be a felony under federal law. *See* 18 U.S.C. § 592. Yet in August, DHS Headquarters produced only the annual Homeland Threat Assessment (a publicly available document) and five pages redacted in their entirety pursuant to Exemption 5. With less than sixty days remaining before Election Day, DHS Headquarters continues to fail to produce documents directly related to the subject of this suit, even though Secretary Mullin's public pronouncements strongly suggest that such records exist.

Second, DHS Headquarters indicates below that "[c]onsultations for 13 potentially responsive pages that DHS Headquarters processed as part of its July 2026 production are currently pending." Thus, Defendants once again illustrate that they will disclose records only when this Court establishes clear timetables for each aspect of the FOIA review and production process. After allowing more than a month for interagency consultation, the DNC respectfully requests that this Court direct Defendants to complete the consultation process within the next seven days and limit any future interagency consultation to no more than ten working days, in accordance with the statutory provision addressing such consultation. *See* 5 U.S.C. § 552(a)(6)(B)(iii).

**Statement of the Defendants**

1. Plaintiff's suit arises under the Freedom of Information Act ("FOIA") and relates to eleven FOIA requests submitted by Plaintiff to Defendants. After the parties submitted a Joint Status Report on August 21, 2026 (ECF No. 24), this Court entered a Minute Order directing the parties to submit a further status report by September 4, 2026, including "an estimated number of pages remaining to be processed by each of the four components still processing responsive

records and estimated date for completion of processing and of production." Defendants provide the following information in response to the Court's order.

2. **Office of the Secretary of War ("OSW").** On August 20, 2026, Plaintiff requested that OSW conduct a supplemental search for records related to certain Questions for the Record ("QFRs") identified by Plaintiff as potentially responsive to its request. OSW completed its supplemental search on August 28, 2026, and made a supplemental production on September 4, 2026. Approximately 937 potentially responsive pages remain for processing; OSW expects to complete processing by September 30, 2026. Certain records related to the QFRs are held by Northern Command, *see* ECF No. 26 (Mot. Modify) ¶ 4, which expects to complete its search efforts by September 11, 2026, and will promptly process any records located in that search.

3. **Department of Homeland Security ("DHS") Headquarters.** DHS Headquarters reports that it processed 1,046 pages of potentially responsive records, and issued an interim response to Plaintiff on August 31, 2026. Consultations for 13 potentially responsive pages that DHS Headquarters processed as part of its July 2026 production are currently pending. DHS Headquarters reports that it has approximately 120 pages of potentially responsive records remaining to process. DHS Headquarters anticipates making another release on or about September 30, 2026, and anticipates that its processing will be complete on or about that date unless consultations with other government agencies remain pending at that time.

4. **Customs and Border Protection ("CBP").** On August 24, 2026, CBP issued an interim response to Plaintiff's request. In that response, CBP indicated that since July 30, 2026, it processed 123 potentially responsive records comprising 6,811 pages. Sixteen of the 123 documents were not included in the 6,811 page count because they were Excel files that did not have a page count. The 6,811 pages of records and the sixteen Excel files were determined by

CBP to be non-responsive to Plaintiff's request. Since the response letter issued to Plaintiff by CBP on August 24, 2026, CBP has processed an additional 49 documents totaling 531 pages, all of which CBP determined were not responsive to Plaintiff's request. Of the previously reported prioritized records, approximately 132 potentially responsive documents totaling 2,977 pages and five Excel files that are not included in the page count remain to be processed. CBP continues to estimate that its processing of these prioritized records will be complete by September 30, 2026.

5. **Immigration and Customs Enforcement ("ICE").** At Plaintiff's suggestion, ICE prioritized for review potentially responsive records that, based on metadata, do not appear to be press clippings. *See* ECF No. 24 at 2, 4 n.1. ICE has identified approximately 110 potentially responsive pages of prioritized records, and anticipates including any responsive, non-exempt prioritized records in its upcoming September 8, 2026 production. Of the de-prioritized records, approximately 10,698 potentially responsive pages remain for review, which ICE is continuing to process at a rate of 1,000 pages per month. ICE provided Plaintiff on August 25, 2026, a listing of custodians of potentially responsive records, and has adopted Plaintiff's requested sequencing of those custodians for review.

6. **Response to Plaintiff's Requests:** In its section above, Plaintiff requests that the Court order DHS to complete the consultation process with respect to certain records "within the next seven days." Plaintiff also requests an order broadly "limit[ing] any future interagency consultation to no more than ten working days." As an initial matter, Defendants respectfully renew their objection that requesting relief—especially relief that is injunctive in character—is improper in a joint status report. *See* ECF No. 22 (JSR) ¶ 19; *Greenspan v. Exec. Off. for U.S. Att'ys*, Civ. A. No. 23-1816 (BAH), 2023 WL 12137661, at *2 (D.D.C. Nov. 21, 2023). Moreover, Plaintiff does not demonstrate its entitlement to such relief, not least because the FOIA statute

itself foresees the need for consultation with agencies "having a substantial interest in the determination of the request." 5 U.S.C. § 552(a)(6)(B)(iii). While the Defendant agencies will certainly conduct such consultations "with all practicable speed," *id.*, the realities of interagency coordination are such that additional time is sometimes required to determine whether particular records are exempt from disclosure. Moreover, Defendant agencies are unable to control the workflow of other government agencies and thus cannot compel them to finish consults by a date certain.

Dated: September 4, 2026

Respectfully submitted,

*/s/ Daniel J. Freeman*
Daniel J. Freeman
(Bar No. 90038422)
Democratic National Committee
430 South Capitol Street SE
Washington, DC 20003
(202) 860-8000
freemand@dnc.org

Benjamin B. Klubes
(Bar No. 428852)
Adam Milller
(Bar No. 496339)
Klubes Law Group
1717 K Street NW, Suite 9000
Washington, DC 20006
(202) 753-5054
bklubes@kblueslaw.com
amiller@klubeslaw.com

*Attorneys for the Democratic National Committee*

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Andrew J. Vaden*
ANDREW J. VADEN, D.C. Bar #1044860
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2437

*Attorneys for the United States of America*