UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRATIC NATIONAL COMMITTEE,<br>Plaintiff,<br>v.<br>U.S. DEPARTMENT OF JUSTICE, et al.,<br>Defendants. | Civil Action No. 26-0825 (BAH) |

**JOINT STATUS REPORT**

Pursuant to this Court's Minute Order dated September 5, 2026, the parties, by and through their respective undersigned counsel, respectfully submit this Joint Status Report. As set forth herein, the parties have different positions regarding the status of this matter, which concerns requests by the Democratic National Committee ("DNC") for records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

**Statement of the Democratic National Committee**

This case concerns eleven FOIA requests sent by the DNC in October 2025 concerning potential deployment of federal agents and troops to polling places, drop boxes, and election offices. Compl. ¶ 1 (ECF No. 1). Since the parties' last status report, Defendants have made little further progress towards compliance.

The DNC wishes to bring two specific matters to this Court's attention. First, on September 14, the DNC informed counsel for the Department of Homeland Security ("DHS") that an attachment to an email produced by DHS on July 30—and therefore determined by DHS to be relevant—had been neither produced nor logged on a *Vaughn* index. The DNC had initially presumed this document, which has the file name "Checklist for Law Enforcement Voter Integrity

9.15.25 - FINAL DRAFT -- BSI suggestions.docx," had been produced but fully covered with asserted exemptions. However, when DHS finally produced a *Vaughn* index, it became clear that the covered pages were not the attachment at issue. The DNC then presumed that this document had been sent to DOJ for consultation, but when this Court's deadline for the resolution of consultation requests expired, this too did not yield the document. DHS now indicates that the document has simply been withheld since July. *See infra* Defs.' ¶ 6. There is substantial public interest in this document. *See* Miles Parks et al., *A DHS Email Raises New Questions About the Trump Administration's Election Plans*, NPR (Sept. 18, 2026), https://www.npr.org/2026/09/18/nx-s1-5973278/dhs-noncitizen-voting-english-language. Any potential exemptions have been waived, and the document should be produced immediately. At a minimum, the DNC respectfully requests that this Court order Defendants to complete consultation and production by early next week.[1]

Second, despite past assurances to this Court that U.S. Immigration and Customs Enforcement ("ICE") would narrow or prioritize its review to exclude press clippings, which are expressly outside the scope of the DNC's FOIA request, *see* Aug. 7 Report 4 n.1 (ECF No. 24), the substantial majority of ICE's second production once again consisted of unannotated press clippings. (The remainder of ICE's production consisted almost entirely of public documents.) Although the DNC appreciates ICE's invitation to confer regarding potential technical means to exclude these nonresponsive documents from review, *see infra* Defs.' ¶ 8, this cannot remedy

[1] Although the DNC anticipates that DHS will likely assert Exemption 5 over DHS annotations, the underlying DOJ document is a "FINAL DRAFT" and cannot be withheld based on the deliberative process privilege. *See, e.g.*, *U.S. Fish & Wildlife Serv. v. Sierra Club, Inc*, 592 U.S. 261, 268 (2021) (recognizing that the privilege "does not apply, of course, to documents that embody a final decision").

ICE's improper inclusion of press clippings in its monthly review quotas, particularly with only one anticipated production remaining before the November election.

## Statement of the Defendants

1. Plaintiff's suit arises under the Freedom of Information Act ("FOIA") and relates to eleven FOIA requests submitted by Plaintiff to Defendants. After the parties submitted a Joint Status Report on September 4, 2026 (ECF No. 27), this Court entered a Minute Order dated September 5, 2026, directing the parties to submit a further status report by September 18, 2026.

2. ***Vaughn* Indexes.** Pursuant to this Court's Minute Order dated August 8, 2026, the Department of Justice's Office of Information Policy, the Federal Bureau of Investigation, the Office of the Secretary of War, the Department of Homeland Security, and Immigration and Customs Enforcement each provided Plaintiff partial *Vaughn* indexes on September 10, 2026, as to all records withheld in full or in part by August 31, 2026. The parties have conferred via email with regard to certain withholdings.

3. **Office of the Secretary of War ("OSW").** On September 10, 2026, OSW provided a partial *Vaughn* index to Plaintiff via counsel. Approximately 937 potentially responsive pages remain for processing; OSW expects to complete processing by September 30, 2026. U.S. Northern Command completed its supplemental search efforts at OSW's behest on September 11, 2026; no further responsive records were identified.

4. **Department of Homeland Security ("DHS") Headquarters.** DHS Headquarters has approximately 140 pages of potentially responsive records remaining to process. DHS anticipates making another release on or about September 30, 2026, and anticipates that its processing will be complete on or about that date unless consultations with other government agencies remain pending at that time.

5. Separately, DHS previously reported that "13 potentially responsive pages that DHS Headquarters processed as part of its July 2026 production [were] pending." ECF No. 27 ¶ 3. The Court then ordered that DHS "submit declarations from personnel with personal knowledge from DHS and the consulting agencies explaining the reason(s) for delay in processing the 13 potentially responsive pages processed by DHS Headquarters in July 2026 . . . and the nature of any concerns in producing those records to plaintiff, unless those records are produced to plaintiff" by September 11, 2026. Upon further review, however, Defendants determined that the 13 pages in question were not responsive to Plaintiff's request because they were records from 2020 to 2022 that preceded the date range specified by Plaintiff. DHS informed Plaintiff of this fact by letter on September 10, 2026.

6. However, in the course of responding to a separate inquiry by Plaintiff the week of September 14, 2026, DHS counsel identified an additional record comprising 12 pages that was processed in July 2026 and flagged as requiring consultation with the Department of Justice. Due to an administrative error, DHS did not include that record in its previous status reports, *see* ECF No. 25 ¶ 3; ECF No. 27 ¶ 3, and DHS has not been able to confirm that a consultation request regarding that record was sent to DOJ in the course of the July 2026 processing. DHS sent a belated consultation request regarding the record to DOJ on September 16, 2026, and will follow up with the relevant office to ensure the request is appropriately prioritized in light of the Court's previous orders in this matter. DHS has confirmed that no other documents requiring consultation remain from the records processed in July 2026. On behalf of DHS, undersigned counsel for Defendants apologizes to the Court and to Plaintiff for these omissions and the resulting delay.

7. Plaintiff asserts that "[a]ny potential exemptions have been waived" with respect to the document referenced in the preceding paragraph, but Defendants are aware of no authority that

would support an inference of waiver in circumstances like these. To the extent Plaintiff's discussion is interpreted as a request for an order requiring production of the document at issue, Defendants respectfully renew their objection that requesting such relief—especially relief that is injunctive in character—is improper in a joint status report. *See* ECF No. 22 (JSR) ¶ 19; *Greenspan v. Exec. Off. for U.S. Att'ys*, Civ. A. No. 23-1816 (BAH), 2023 WL 12137661, at *2 (D.D.C. Nov. 21, 2023).

8. **Customs and Border Protection ("CBP").** Since the Joint Status Report filed September 4, 2026, CBP has processed 89 documents totaling 1,546 pages, all of which CBP determined were not responsive to Plaintiff's request. Of the previously reported prioritized records, *see* ECF No. 25 ¶ 4, approximately 38 potentially responsive documents totaling 1,431 pages and five Excel files that are not included in the page count remain to be processed. CBP continues to estimate that its processing of these prioritized records will be complete by September 30, 2026, and CBP also expects to provide a further interim response to Plaintiff by that date.

9. **Immigration and Customs Enforcement ("ICE").** ICE made a production on September 8, 2026, based on processing of 1,000 pages of potentially responsive records in the preceding month. Based on a review conducted in connection with the preparation of the partial *Vaughn* index provided to Plaintiff on September 10, 2026, ICE will reprocess certain records after lifting some redactions in its August 7, 2026 production. ICE reports that approximately 9,698 pages of potentially responsive records remain, of which approximately 7,000 appear based on metadata to be press clippings. ICE believes that conferring with Plaintiff's counsel on ways to exclude presumptively non-responsive documents would be fruitful and is arranging a discussion with Plaintiff's counsel on the subject for the week of September 21, 2026.

Dated: September 18, 2026

*/s/ Daniel J. Freeman*
Daniel J. Freeman
(Bar No. 90038422)
Democratic National Committee
430 South Capitol Street SE
Washington, DC 20003
(202) 860-8000
freemand@dnc.org

Benjamin B. Klubes
(Bar No. 428852)
Adam Milller
(Bar No. 496339)
Klubes Law Group
1717 K Street NW, Suite 9000
Washington, DC 20006
(202) 753-5054
bklubes@kblueslaw.com
amiller@klubeslaw.com

*Attorneys for the Democratic National Committee*

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Andrew J. Vaden*
ANDREW J. VADEN, D.C. Bar #1044860
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2437

*Attorneys for the United States of America*