UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRATIC NATIONAL COMMITTEE,<br>Plaintiff,<br>v.<br>U.S. DEPARTMENT OF JUSTICE, et al.,<br>Defendants. | Civil Action No. 26-0825 (BAH) |

**JOINT STATUS REPORT**

Pursuant to this Court's Minute Order dated September 21, 2026, the parties, by and through their respective undersigned counsel, respectfully submit this Joint Status Report. As set forth herein, the parties have different positions regarding the status of this matter, which concerns requests by the Democratic National Committee ("DNC") for records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

**Statement of the Democratic National Committee**

This case concerns eleven FOIA requests sent by the DNC in October 2025 concerning potential deployment of federal agents and troops to polling places, drop boxes, and election offices. Compl. ¶ 1 (ECF No. 1). Since the parties' last status report, multiple agencies have provided their final responses and productions. Only CBP has not yet produced all responsive, non-exempt documents. In addition, following these productions and Defendants' supplementation of *Vaughn* indices, the DNC does not intend to challenge the reasonableness of Defendants' search or Defendants' assertion of exemptions. Only two matters remain to resolve this litigation.

First, CBP has not yet reviewed approximately 24,000 pages of potentially responsive records, which were deprioritized under agreed search parameters. Because the review of prioritized documents did not yield responsive records, the DNC has proposed that the parties negotiate a sampling procedure, with the potential to agree that further processing of the remaining documents is unwarranted. The parties have agreed in principle to this procedure and will meet shortly to discuss next steps.

Second, the DNC contends that it has "substantially prevailed" for purposes of 5 U.S.C. § 552(a)(4)(E) and is entitled to reasonable attorney fees and other litigation costs reasonably incurred in this action. *See, e.g.*, *Davy v. CIA*, 550 F.3d 1155, 1159–63 (D.C. Cir. 2008); *Nationwide Bldg. Maint., Inc. v. Sampson*, 559 F.2d 704, 712–14 (D.C. Cir. 1977). Following a resolution concerning deprioritized CBP records, the DNC intends to provide DOJ with contemporaneous time and billing records and will endeavor to negotiate an appropriate award of fees and costs. In the event that the parties are unable to reach an agreement, the DNC will move for an appropriate award.

**Statement of the Defendants**

1. Plaintiff's suit arises under the Freedom of Information Act ("FOIA") and relates to eleven FOIA requests submitted by Plaintiff to Defendants. After the parties submitted a Joint Status Report on September 18, 2026 (ECF No. 28), this Court entered a Minute Order dated September 21, 2026, directing the parties to submit a further status report by October 2, 2026. Defendants respectfully provide the following updates.

2. **Office of the Secretary of War ("OSW").** On September 30, 2026, OSW made a second supplemental production and provided its final response to Plaintiff's request. Their processing is complete and no documents remain for review.

3. **Department of Homeland Security ("DHS") Headquarters.** DHS Headquarters provided responses to Plaintiff on September 22 and 25, 2026. The latter response, in compliance with the Court's recent Minute Order, related to the twelve pages sent to the Department of Justice by DHS for consultation on September 16, 2026, and conveyed the agency's determination to withhold the record in full under exemptions 5 and 7(E). *See* JSR (ECF No. 28) ¶ 6; Sept. 21, 2026 Minute Order (second numbered paragraph and first decretal provision). Through counsel, Defendants provided to Plaintiff an extended description of the basis for that determination. DHS's processing is complete and no documents remain for review.

4. **Customs and Border Protection ("CBP").** On September 28, 2026, CBP issued an interim response to Plaintiff's request. In that response, CBP indicated that since August 24, 2026, it processed 181 potentially responsive records comprising 3,508 pages. Five of the 181 documents were not included in the 3,508 page count because they were Excel files that did not have a page count. The 3,508 pages of records and five Excel files were determined by CBP to be non-responsive to Plaintiff's request. CBP has completed processing of the previously reported prioritized records and will now begin processing the deprioritized records. *See* JSR (ECF No. 25) ¶ 4 (describing "[a]n additional 1,296 records totaling 23,965 pages" for a subgroup of records "consisting of hits for a proximity search focused on the term 'post' that was deprioritized by agreement with Plaintiff").

5. **Immigration and Customs Enforcement ("ICE").** The parties conferred on September 25, 2026, to discuss the remaining potentially responsive records that had not yet been processed by ICE. At that conference, Defendants provided an overview of ICE's processing methodology and discussed examples of responsiveness determinations. Consistent with the

Court's recent Minute Order, ICE has completed processing of all remaining pages of potentially responsive records and sent Plaintiff a final response on October 1, 2026.

Dated: October 2, 2026

Respectfully submitted,

*/s/ Daniel J. Freeman*
Daniel J. Freeman
(Bar No. 90038422)
Democratic National Committee
430 South Capitol Street SE
Washington, DC 20003
(202) 860-8000
freemand@dnc.org

Benjamin B. Klubes
(Bar No. 428852)
Adam Milller
(Bar No. 496339)
Klubes Law Group
1717 K Street NW, Suite 9000
Washington, DC 20006
(202) 753-5054
bklubes@kblueslaw.com
amiller@klubeslaw.com

*Attorneys for the Democratic National Committee*

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Andrew J. Vaden*
ANDREW J. VADEN, D.C. Bar #1044860
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2437

*Attorneys for the United States of America*