UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRATIC NATIONAL COMMITTEE,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE, et al.,<br><br>Defendants. | Civil Action No. 26-0825 (BAH) |

**JOINT STATUS REPORT**

Pursuant to this Court's Minute Order dated October 3, 2026, the parties, by and through their respective undersigned counsel, respectfully submit this Joint Status Report. As set forth herein, the parties have different positions regarding the status of this matter, which concerns requests by the Democratic National Committee ("DNC") for records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

**Statement of the Democratic National Committee**

This case concerns eleven FOIA requests sent by the DNC in October 2025 concerning potential deployment of federal agents and troops to polling places, drop boxes, and election offices. Compl. ¶ 1 (ECF No. 1). Since the parties' last status report, counsel have worked cooperatively to resolve the remaining issues and to avoid unnecessary expenditure of government resources, most notably in the review of potentially responsive Customs and Border Protection (CBP) records that have uniformly been found not to be responsive. As noted below, Defendants intend to move for relief from this Court's prior production order with respect to CBP, and the DNC has provisionally agreed to that request, pending review of the proposed motion. The DNC

also does not intend to challenge exemptions asserted in Defendants' *Vaughn* indices, following revisions that have substantiated exemptions the DNC initially questioned.

On October 7, counsel for the DNC alerted opposing counsel that ICE recently produced new documents responsive the DNC's FOIA requests in another FOIA case before this Court, *Democracy Forward Foundation v. DHS*, No. 1:26-cv-2624-BAH (D.D.C.). Specifically, ICE produced two documents entitled "HOT TOPIC, 15 – ICE's Role in Elections and at Polling Places" and "HOT TOPIC, 14 – ICE's Role in Elections and at Polling Places," which appear to be talking points. The DNC has requested an explanation as to why these documents were not previously produced in this matter and whether other responsive documents in ICE possession have yet to be produced. Such information is necessary before the DNC can agree that ICE conducted a reasonable search.

Following resolution of these few remaining matters, the DNC intends to seek fees and costs, "substantially prevailed" for purposes of 5 U.S.C. § 552(a)(4)(E). *See, e.g.*, *Davy v. CIA*, 550 F.3d 1155, 1159–63 (D.C. Cir. 2008); *Nationwide Bldg. Maint., Inc. v. Sampson*, 559 F.2d 704, 712–14 (D.C. Cir. 1977). The DNC has provided DOJ with contemporaneous time and billing records to date and will seek to meet and confer in the coming week regarding all outstanding issues, to avoid unnecessary motion practice.

**<u>Statement of the Defendants</u>**

1. Plaintiff's suit arises under the Freedom of Information Act ("FOIA") and relates to eleven FOIA requests submitted by Plaintiff to Defendants. After the parties submitted a Joint Status Report on October 2, 2026 (ECF No. 29), this Court entered a Minute Order dated October 3, 2026, directing the parties to submit a further status report by October 16, 2026. Defendants respectfully provide the following updates.

**2.** ***Vaughn* Indexes.** In accordance with this Court's September 21, 2026 Minute Order, the Department of Homeland Security, U.S. Immigration and Customs Enforcement, and the Office of the Secretary of War provided *Vaughn* indexes to Plaintiff on October 10, 2026, with respect to documents processed between August 31, 2026, and October 2, 2026.

3. **Customs and Border Protection ("CBP").** As previously reported, CBP completed processing of the prioritized potentially responsive records located in connection with Plaintiff's request. ECF No. 29 ¶ 4. The parties conferred on October 7, 2026, and agreed on parameters for sampling the remaining, deprioritized records. CBP performed a review of sampled records and determined that none of those records were responsive. Based on those results, Defendants intend to move the Court for relief from the requirement in its July 13, 2026 Minute Order that the agency process 1,000 pages per month of potentially responsive records.

Dated: October 16, 2026

Respectfully submitted,

*/s/ Daniel J. Freeman*
Daniel J. Freeman
(Bar No. 90038422)
Democratic National Committee
430 South Capitol Street SE
Washington, DC 20003
(202) 860-8000
freemand@dnc.org

Benjamin B. Klubes
(Bar No. 428852)
Adam Milller
(Bar No. 496339)
Klubes Law Group
1717 K Street NW, Suite 9000
Washington, DC 20006
(202) 753-5054
bklubes@kblueslaw.com
amiller@klubeslaw.com

*Attorneys for the Democratic National Committee*

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Andrew J. Vaden*
ANDREW J. VADEN, D.C. Bar #1044860
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2437

*Attorneys for the United States of America*