UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRATIC NATIONAL COMMITTEE,<br>Plaintiff,<br>v.<br>U.S. DEPARTMENT OF JUSTICE, et al.,<br>Defendants. | Civil Action No. 26-0825 (BAH) |

**JOINT STATUS REPORT**

Pursuant to this Court's Minute Order dated October 19, 2026, the parties, by and through their respective undersigned counsel, respectfully submit this Joint Status Report. As set forth herein, the parties have different positions regarding the status of this matter, which concerns requests by the Democratic National Committee ("DNC") for records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

**Statement of the Democratic National Committee**

This case concerns eleven FOIA requests sent by the DNC in October 2025 concerning potential deployment of federal agents and troops to polling places, drop boxes, and election offices. Compl. ¶ 1 (ECF No. 1). Since the parties' last status report, the parties have met and conferred and are working towards a resolution of this matter.

As noted below, the parties have specifically conferred regarding the production of heretofore unseen records in *Democracy Forward Foundation v. DHS*, No. 1:26-cv-2624-BAH (D.D.C.) that are also responsive to the DNC's requests. The DNC disagrees with Defendants' suggestion that any distinction between the FOIA requests at issue here and those in *Democracy*

*Forward* could account for ICE's failure to produce the records at issue and will address the matter further once ICE has provided its promised explanation.

The DNC has also consented to Defendants' request to relieve CBP of its remaining production obligation, in light of the results of sampling of the remaining documents. The DNC has also consented to a slower status report cadence, as the parties work to resolve the few remaining issues. Despite the DNC's best efforts to bring this litigation to a close, Defendants have represented that any attempt to resolve the availability of attorney's fees without motion practice will likely take months. Thus, the DNC maintains that the parties should continue to submit status reports at least every 28 days.

**<u>Statement of the Defendants</u>**

1. Plaintiff's suit arises under the Freedom of Information Act ("FOIA") and relates to eleven FOIA requests submitted by Plaintiff to Defendants. After the parties submitted a Joint Status Report on October 16, 2026 (ECF No. 30), this Court entered a Minute Order directing the parties to submit a further status report by October 30, 2026. Defendants respectfully provide the following updates.

2. **U.S. Immigration and Customs Enforcement ("ICE").** Earlier this month, Plaintiff raised an issue relating to two documents produced by ICE in response to a different FOIA request by a different FOIA requestor, which Plaintiff contends are responsive to the request at issue here but were not produced in response to that request. *See* ECF No. 30 at 2. Plaintiff suggests that this may call into question the adequacy of ICE's search in this matter, but Plaintiff's concerns are misplaced for at least two reasons. First, the request at issue in this litigation is materially different from the requests at issue in the case to which Plaintiff refers, and so it stands to reason that the respective searches identified distinct sets of potentially responsive documents.

*Compare* Complaint (ECF No. 1) ¶¶ 14, 22, *DFF v. DHS*, Civ. A. No. 26-2624 (BAH) (D.D.C. July 27, 2026) *with* Complaint (ECF No. 1) Ex. 7 at 1. Second, "adequacy – not perfection – is the standard that FOIA sets." *DiBacco v. U.S. Army*, 795 F.3d 178, 191 (D.C. Cir. 2015). For that reason, a FOIA search "need not be exhaustive, and it need not be perfect"; instead, it must only be "reasonable depending on the circumstances of a particular case." *Gutierrez v. EOUSA*, Civ. A. No. 20-1524 (BAH), 2021 WL 1634510, at *3 (D.D.C. Apr. 27, 2021). The parties have conferred on this topic and although their views are not aligned, Defendants have committed to providing Plaintiff a fuller explanation of why the two records in question were not located and produced in response to Plaintiff's request and expect to provide that explanation imminently.

3. **Motion to Modify.** Concurrently with this status report, Defendants are filing a consent motion to modify this Court's previous minute orders in this matter so as to relieve Defendants of their obligation to process 1,000 pages per month of potentially responsive records in response to Plaintiff's requests. As explained more fully in Defendants' motion, all agency components but one have completed processing of potentially responsive records, and the remaining component—Customs and Border Protection ("CBP")—has only deprioritized records remaining to process. Defendants respectfully submit that CBP's time and resources are best directed to other requests at this time.

* * *

Dated: October 30, 2026

Respectfully submitted,

*/s/ Daniel J. Freeman*
Daniel J. Freeman
(Bar No. 90038422)
Democratic National Committee
430 South Capitol Street SE
Washington, DC 20003
(202) 860-8000
freemand@dnc.org

Benjamin B. Klubes
(Bar No. 428852)
Adam Milller
(Bar No. 496339)
Klubes Law Group
1717 K Street NW, Suite 9000
Washington, DC 20006
(202) 753-5054
bklubes@kblueslaw.com
amiller@klubeslaw.com

*Attorneys for the Democratic National Committee*

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Andrew J. Vaden*
ANDREW J. VADEN, D.C. Bar #1044860
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2437

*Attorneys for the United States of America*